```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION


JOE BEARD, JR.,                       :

     Plaintiff,                       :

vs.                                   :   CIVIL ACTION 15-0238-CG-M

THEODIS DELLA GREEN,                  :

     Defendant.                       :
```

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a self-styled complaint and a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 2). Plaintiff's Motion to Proceed Without Prepayment of Fees has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as Plaintiff's Motion to Proceed Without Prepayment of Fees, to a Magistrate Judge. The consideration of this Motion requires the Magistrate Judge to screen Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1] After screening the present action, it is

---

[1] Section 1915(e)(2)(B) provides:

recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which can be granted.

I. Complaint. (Doc. 1).

    Plaintiff filed a brief handwritten complaint, essentially consisting of one paragraph, naming Theodis Della Green as the sole Defendant. (Doc. 1). The Defendant's address is given as 156 Dedrick Street, Bessemer, Alabama 35020. Plaintiff complains that his late sister, Ovetta Beard, had an insurance policy, which he has been told has his name on it, but Defendant Green will not let him see the policy. For relief, Plaintiff asks the Court to take action on it.

II. Analysis.

    A. Diversity of Citizenship Jurisdiction.

---

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal -
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

It is incumbent on a plaintiff in a federal action to set forth in his complaint the basis for the federal court's subject matter jurisdiction.  FED.R.CIV.P. 8(a)(1) (requiring a complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"); *see Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994) (the facts demonstrating the existence of jurisdiction must be affirmatively alleged).  *Id.*  This jurisdictional statement must reflect that the court has subject matter jurisdiction based on diversity of citizenship or federal question.  *Id.*  ("In 28 U.S.C. § 1331-32. . . , Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question.").  Because a federal court's jurisdiction is limited, "once a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000).

Because Plaintiff did not identify a basis for the Court's jurisdiction, the Court will examine the two sources on which its jurisdiction is based.  A complaint based on diversity of citizenship jurisdiction must reflect that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different

3

States. . . . "  28 U.S.C. § 1332(a)(1).  "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant."  *Legg v. Wyeth,* 428 F.3d 1317, 1321 n.2 (11th Cir. 2005).  That is, diversity jurisdiction exists only when "there is no plaintiff and no defendant who are citizens of the same State."  *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) (diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant).

In the present action, it appears that Plaintiff is a resident of Alabama and Defendant Green is a resident of Alabama. (Doc. 1).  Thus, Defendant Green and Plaintiff appear not to be diverse, and thereby the Court lacks diversity of citizenship jurisdiction over this action.  Furthermore, the Complaint does not reflect that this controversy satisfied the jurisdictional amount since a damages amount was not specified.  *Dart Cherokee Basin Operating Co. v. Owens,* __U.S. __, 135 S.Ct. 547, 553, 190 L.Ed.2d 547 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith.").

    B.   <u>Federal-Question Jurisdiction</u>.

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk County School Bd.,* 129 F.3d 560, 566 (11th Cir. 1997).  Under federal-question jurisdiction, district courts are given "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A] case arises under federal law when federal law creates the cause of action asserted."  *Gunn v. Minton,* ___U.S. ___, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013).  "Under the longstanding well-pleaded complaint rule, . . . , a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  V*aden v. Discover Bank,* 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (quotation marks omitted and brackets in original).  However, a court's subject matter jurisdiction does not extend to a cause of action that is not valid, as compared to one that is arguable. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998).

Because Plaintiff is proceeding *pro se* and appears not to be an attorney, the Court will liberally construe his allegations.  *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The Court, however, does not

have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action[.]" *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009).

In pleading a complaint in federal court, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). This statement must contain factual content that allows the Court to reasonably conclude that the Plaintiff's claim is facially plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The factual allegations must be sufficient "to raise a right to relief above the speculative level[.]" *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. Even though detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, 127 S.Ct. at 1949. Moreover, it will not suffice to plead merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965.

In the action at hand, Plaintiff did not identify a statute that he claims is violated or which authorizes him to file this action. Nonetheless, the Court examined case law and statutory law to determine if federal law provides a cause of action consistent with the present allegations. The Court was unable to find such a cause of action based on the few facts alleged.

Many facts that would be important to stating a claim, or for the Court to merely understand the nature of Plaintiff's claim, were not pled. The Court was not informed if Plaintiff is the beneficiary of the insurance policy, what relation Defendant Green is to the deceased, if Defendant Green is a beneficiary of the insurance policy, what is the nature of the insurance policy, if the insurance policy was offered by an employer's plan (29 U.S.C. §§ 1001, *et seq.*), from and through whom the deceased bought the insurance policy, what happened to the insurance proceeds, when did the events surrounding the claim occur, when did the deceased die, and whether an action was filed in state court, its result, and the date of the result. Information of this type is necessary for the Court to discern the nature of Plaintiff's claim. Moreover, one of the questions raised by the Complaint in its present state is why was it filed in this Court and not in state court.

Considering the scant, fragmented facts alleged by Plaintiff and the overwhelming absence of pertinent facts, the Court finds that Plaintiff has not alleged a plausible claim. *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966.  That is, based on the present allegations, it is merely speculative that Plaintiff could have a cause of action that arises under federal law, as he has not pled it.  In light of this, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  *See Barnett v. Bailey,* 956 F.2d 1036, 1041-42 (11th Cir. 1992) (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1948)("[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioner could actually recover")).

III. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*."  *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 11th day of June, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE